### WYMAN v. CHICAGO, R. I. & P. RY. CO.

No. 7922.—Opinion Filed Oct. 31, 1916.

On Rehearing, Oct. 14, 1919.

**1. Master and Servant—Injuries to Servant —Defective Bridge—Liability.**

Where the servant in an action against the master avers in his petition, and supports the same by evidence, that the injuries received are due to latent defects in a bridge which collapsed, the master is not liable for negligence unless such latent defects were known to the master or would have been discovered in the exercise of reasonable diligence.

**2. Same—Negligence—Burden of Proof.**

The proposition that an inspection would have discovered the latent defects in the bridge is an affirmative one, and the burden of proof rests upon the servant. The doctrine of res ipsa loquitur does not apply between master and servant, and in case of accident to an employe the fact of accident carries with it no presumption of negligence, and it is an affirmative fact for the injured employe to establish that the accident was the result of negligence of the employer.

**3. Same.**

To constitute actionable negligence, it must be averred and proved that the negligence complained of was the proximate cause of the injury received. It is not sufficient for the employe to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was.

**4. Same—Sufficiency of Evidence.**

The evidence in this case carefully examined, and held, that it does not disclose actionable negligence on the part of defendant,

and that the demurrer to the evidence was properly sustained.

(Syllabus by Collier, C.)

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by James A. Wyman against the Chicago, Rock Island & Pacific Railway Company. Defendant's demurrer to the evidence sustained, and judgment entered for it; plaintiff's motion for a new trial overruled, and he brings error. Affirmed.

Wm. O. Woolman and R. J. Puderbaugh, for plaintiff in error.

Foose & Brown, C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, and Keaton, Wells & Johnston, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error against defendant in error to recover damages for personal injuries received by the collapse of a bridge spanning the South Canadian river, due to the alleged negligence of defendant in error.

Hereinafter the parties will be styled as they were in the trial court.

The negligence alleged in the petition is:

"That the south portion of said bridge was constructed of timbers and embankments, and that the portion of said bridge over the main channel of said stream was of steel and concrete and apparently a safe and substantial bridge and structure, and apparently a safe place to be and perform the work assigned; still, notwithstanding the apparent stability of said bridge, there was a latent defect in the construction of the same and the abutment and approach at either end of the steel portion of said bridge, in this, that while the abutment and piers were of concrete it was so negligently and carelessly constructed by the defendant that they failed, in this, that instead of the abutment being solid and reinforced concrete, which should have been under the circumstances and conditions, the same was so negligently and carelessly constructed that the upper part of said concrete work was separated from the lower part, by the carelessness and negligent allowing or permitting the lower part to set, become solid and hard before the top part of the concrete was placed thereon; that in each and all of the piers and abutments the same were not reinforced and had not been reinforced, which defect was negligent and careless and showed negligent and careless building of the same.

"Plaintiff further states that the defendant herein had knowledge of the defective construction of said bridge at the time that it was made, but notwithstanding this knowledge, and notwithstanding the defective condition of the construction of the same, the said defendant through its authorized agents,

officers and representatives, carelessly, negligently and willfully ordered this plaintiff thereon, informing him that the same was a safe place to work, when in truth and in fact it was not a safe place to work, all of which facts was well known to the defendant, and which facts were absolutely unknown to the plaintiff.

"That if the defendant had built and constructed said bridge, abutment and approaches as it should have been built, the said bridge would not have become broken, washed out, went down or become destroyed.

"That said defects were hidden from view and could not have been seen by this plaintiff and he knew nothing of them, but believed them to be perfect and sufficient and trusted and relied on the special knowledge or the supposed special knowledge and information of the said W. F. Werner as such master carpenter, superintendent or foreman, and relying thereon and believing said bridge to be safe this plaintiff went upon said bridge and performed his work under the orders and directions of the said W. F. Werner as such master carpenter, superintendent and foreman, at said time.

"Plaintiff further states that had it not been for the defective concrete work as hereinbefore set forth said abutment, approaches and piers would not have given way or gone out, nor would the bridge have been wrecked, nor would the injuries received by this plaintiff have occurred."

The answer of the defendant denies all the material allegations of the petition and pleads assumption of risk, contributory negligence on the part of the plaintiff, and the act of God.

The uncontradicted evidence discloses that an unprecedented flood existed in the South Canadian river, across which was a bridge supported by two piers and an abutment, a pier on the south side, and a pier in the center of the stream, and an abutment—also designated as a pier—on the north side of the stream; that plaintiff was in the employ of the defendant; that quantities of driftwood coming down the river had lodged against the piers of said bridge; that the plaintiff was directed by a vice principal of the defendant to go upon the bridge and aid in dislodging the drift which was accumulating against the center pier; that prior to plaintiff going upon the bridge he was assured by the vice principal of defendant that the bridge was safe; that the plaintiff went upon the bridge about 1:30 p. m., and aided in freeing the pier from the drift which was accumulating against it, and so continued until about 5:30 p. m., at which time the entire bridge collapsed, and plaintiff was thrown into the water, received serious injuries, drifted down the river about two miles,

lodged against an island, from which he was not rescued until about 7 o'clock the next morning. The evidence further discloses that the bridge was not built by the defendant, but was purchased by the defendant from another road; that on inspection of the north pier or the abutment, after the disaster, it was found to be broken off near the water line; that the indications were that the lower part of said pier had been permitted to set prior to the addition of the upper part, and that consequently the two parts of said pier did not adhere; that said pier was not reinforced. There is no evidence tending to show that the other piers—on the south side and in the middle of the stream—were improperly constructed, or that there was a defect in the bridge which would have been disclosed by any inspection that might have been made by the defendant, or that the defendant knew, or ought to have known, that the condition of the bridge, or any part thereof, was defective. It was also shown by the evidence that by the collapse of the bridge the plaintiff suffered serious, and possibly permanent, injuries.

Upon the conclusion of the evidence the defendant interposed a demurrer to the evidence, which was sustained, and judgment entered for the defendant, to which the plaintiff duly excepted.

Within the statutory time plaintiff duly moved for a new trial, which was overruled and exception saved, and to reverse said judgment this proceeding in error is prosecuted.

The only error assigned in the trial of the cause is that the court erred in sustaining a demurrer to the evidence of the plaintiff and rendering judgment for the defendant.

In order to entitle plaintiff to recover, the burden is upon him to show by a preponderance of the evidence that the negligence averred and proved was the proximate cause of the injury; and this, we think, he has clearly failed to do.

"In every case involving negligence, three elements are essential to constitute actionable negligence, when the wrong charged is not willfully and intentionally done, viz.: (1) The existence of a duty on the part of the master to protect the servant from injury; (2) the failure of the master to perform that duty; and (3) injury to the servant approximately resulting from such failure. * * * When these elements are brought together, they unitedly constitute actionable negligence, and the absence of any one of these elements renders the complaint bad, or the evidence insufficient." Midland Valley R. R. Co. v. Williams, 42 Okla. 444, 141 Pac. 1103,

29 Cyc. 419; St. L. & S. F. R. R. Co. v. Snowden, 48 Okla. 115, 149 Pac. 1083; C., R. I. & P. R. Co. v. Foltz, 54 Okla. 556, 154 Pac. 519; C., R. I. & P. R. Co. v. Nagle, 55 Okla. 235, 154 Pac. 667.

"The doctrine of res ipsa loquitur does not apply between master and servant." M., O. & G. R. Co. v. French, 52 Okla. 222, 152 Pac. 591; M., O. & G. R. Co. v. West, 50 Okla. 521, 151 Pac. 212; St. L. & S. F. R. Co. v. Clampit, 55 Okla. 686, 154 Pac. 40.

In Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 Pac. 776, Mr. Justice Turner, speaking for this court, adopts what is said by the Supreme Court of the United States in Patton v. Texas, etc., Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, in which case that court said:

"The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employe to establish that the employer has been guilty of negligence. * * * It is not sufficient for the employe to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. * * * If the employe is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony."

It is true that the expert evidence introduced on the trial and which is uncontradicted shows that the use of reinforcements in the construction of piers would enable the building of smaller piers of equal strength of those not reinforced; but the size of piers in question are not shown, nor is there any evidence whatever to show that the said piers and abutments were improperly constructed or insufficient in size, other than the said latent defect in said pier or abutment on the north side of the river. It is not only pleaded, but the evidence sustains the plea, that the defect was a latent defect, and if the defect in the north pier of the bridge be admitted to be the cause of the destruction of the bridge—which we do not hold—there was no evidence that such latent defect could have been discovered by proper inspection, or that the defendant had, or by the use of ordinary care and diligence would have had, knowledge of any defect in the construction of any part of said bridge.

"A master is not liable for injuries resulting to a servant by reason of latent defects of which he was ignorant, and which could not be discovered in the exercise of reasonable care and diligence." 26 Cyc. 1145e, and the many authorities therein cited.

"The proposition that an inspection of appliances would have discovered the defect is an affirmative one to be shown by the evidence, and the burden of proving it rests upon him who asserts it." Coalfax Coal & Mining Co. v. Adolph Johnson, 52 Ill. App. 383.

If it be admitted that the accident was not due to an act of God, as pleaded by the defendant, which we deem unnecessary to determine, and that the declaration of the vice principal to the plaintiff that the bridge was safe relieved the plaintiff from the assumption of the risk incident to his going upon the bridge and from being guilty of contributory negligence—questions which we deem unnecessary to determine—we are unable to say that the defendant was guilty of actionable negligence.

We are of the opinion that the court properly sustained the demurrer to the evidence, and that this cause should be affirmed.

### On Rehearing.

PER CURIAM. Upon consideration of the arguments, briefs, and record in this case, it is the opinion of the court the cause was properly disposed of in the opinion prepared by Commissioner Collier and filed October 31, 1916.

Therefore the opinion is adhered to, and the judgment of the lower court affirmed.