## BEGGS OIL CO. v. DEARDORF.

No. 13129—Opinion Filed Jan. 15, 1924.

### 1. Trial—Demurrer to Evidence—Effect.

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence, and upon a demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove. Anthony v. Bliss et al., 39 Okla. 237, 134 Pac. 1122.

### 2. Appeal and Error—Questions of Fact—Verdict.

Where the verdict of the jury is based upon conflicting evidence, it will not be disturbed on appeal, a conflict of the evidence being such a conflict that reasonable minds might reach different conclusions. Lauderdale v. O'Neil, 74 Oklahoma, 177 Pac. 113.

### 3. Appeal and Error—Harmless Error—Cross-Examination.

Testimony brought out by cross-examination of a witness not pertinent to the issues is harmless unless it appears from the record the same resulted in injury to the complaining party. Record of cross-examination complained of examined, and held without merit, but harmless.

### 4. Attachment—Garnishment—Damages for Wrongful Writs—Instructions.

The court's instruction to the jury as follows: "You are instructed, gentlemen of the jury, as a matter of law, that a person seeking to seize property on an alleged claim is not permitted under attachment or garnishment proceedings to seize more than will secure his alleged claim, and if he does

so, it is at his peril and he is liable to the person whose property had been so seized in damages in an amount sufficient to compensate the person injured for the injuries inflicted," was sufficient to cover the issues in a claim for damages on account of illegal garnishment and attachment.

5. **Appeal and Error—Questions of Fact—Verdict—Damages for Wrongful Attachment and Garnishment.**

Where the question of damages is submitted to the jury under above instructions, it is for the jury to determine under all the facts and circumstances, and their verdict, approved by the court, will not be disturbed on appeal if there is any testimony supporting the same.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Harry B. Deardorf against Beggs Oil Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

R. E. Simpson and Hummer & Foster, for plaintiff in error.

Eldon J. Dick and Joe Pitchford, for defendant in error.

Opinion by THREADGILL, C. The plaintiff in error appeals from a judgment of the district court of Okmulgee county in favor of defendant in error. We will refer to the parties here as they were in the trial court.

The plaintiff was an oil and gas drilling contractor, and the defendant a foreign corporation. On October 4, 1920, the plaintiff brought suit against the defendant to recover a balance due, claimed on a drilling contract. Plaintiff alleged in his petition that he had a verbal agreement with the defendant to drill an oil and gas well to a depth of 1,761 feet at a price of $2 per foot and $50 per day for all work done in drilling, equipping, and completing said well; that he complied with the contract, and the amount due for the work of drilling was the sum of $6,272, and other work and material and equipment required was the sum of $305, making a total of $6,577; that the defendant paid $2,500, leaving a balance due of $4,077, with interest from August 1, 1920, at six per cent. per annum. The defendant filed an answer consisting of a general denial and alleging that the contract between the parties had for its primary purpose to clean out five oil wells, and stating further that the plaintiff failed to drill the well described in his petition in a skillful manner, and failed and refused to clean out the five wells, and in its cross-petition asked for $10,000 as damages for the negligent manner of drilling the well, $7,500 for failure to clean out the five wells agreed upon, and $5,000 for wrongful writs of garnishment and attachment caused to be issued and served against the defendant. To this answer and cross-petition the plaintiff filed a general denial. These issues were tried and submitted to a jury on May 31, 1921, and the trial resulted in a judgment in favor of the plaintiff for the amount sued for, and the defendant appeals, urging four assignments of error.

1. The defendant contends that the court erred in overruling its demurrer to the plaintiff's evidence.

Plaintiff alleged in his petition that he did 55 days daylight work at $50 a day and drilled to the depth of 1,761 feet at $2 a foot, and the defendant contends that the testimony is not sufficient to sustain this allegation; that there is nothing definite in the testimony to show the number of days as alleged. We have examined the testimony, and we find that the plaintiff testified as to the contract price of drilling the well, that he was to have $50 a day for all day work and $2 a foot for drilling, and the well was drilled to a depth of 1,761 feet to the sand agreed on, and the company was to assume liability for the tools and furnish fuel and water for the well, and other items, such as a water pump in the sum of $50, $95 for a new pin on a new box on the stem, in the equipment in shooting the well, and $105 for a new 8¼ inch bit, which the defendant agreed and promised to pay, and $55 for team work, making the sum of $305, and the defendant paid him on the work and these items furnished $2,500, which would leave a balance due of $4,077 as alleged in his petition, and from these items it is a matter of calculation and reasonable inference that the number of days would be 55, as alleged in the petition; and John Stagner, a witness for the plaintiff, testified that he did not know the number of days exactly, but it was something like 55, and this testimony would be sufficient to make out the case against the defendant and was good against the demurrer. Cameron & Co. v. Henderson, 40 Okla. 648, 140 Pac. 404; Anthony v. Bliss et al., 39 Okla. 237, 134 Pac. 1122.

2. In the second place, defendant complains that the verdict of the jury is not reasonably supported by the evidence.

The evidence was conflicting as to what the agreement was. The plaintiff contended the primary object of the contract was to drill a well and the defendant contend-

ing it was to clean out five producing wells; however, there is no conflict that the plaintiff drilled the well, described in the petition, and at a price agreed upon for day work, and that the defendant paid the plaintiff $2,500, and all of the conflicting testimony was determined by the verdict of the jury in favor of the plaintiff, and upon an examination of this record we think the testimony is amply sufficient to sustain the verdict of the jury, and under the well established rule of this court the verdict should not be disturbed. Archer et al. v. U. S., 9 Okla. 569, 60 Pac. 268; Tulsa Hospital Association v. Juby, 73 Oklahoma, 175 Pac. 519; Lauderdale v. O'Neil, 74 Oklahoma, 177 Pac. 113; Peters Branch of Int. Shoe Co. v. Blake, 74 Oklahoma, 176 Pac. 892; St. Paul Fire & Marine Ins. Co. v. Peck, 59 Okla. 195, 158 Pac. 595.

3. In the third place, defendant complains that the court committed error in allowing the plaintiff to introduce the following testimony over defendant's objections:

"Q. Are you acquainted with Mr. Hubble, a member of this jury? A. Yes, sir. Q. You had a fight with him because you would not pay him at Beggs? A. No, I offered him what is due him. He wanted twice as much and I would not pay him. Q. Did you have a fight with him? A. Yes, sir. Q. That was over an account was it? A. Yes, sir."

These questions and answers were on cross-examination of the defendant, after testimony that its reputation had been seriously injured because of the garnishment and attachment proceedings. The following is the testimony that the cross-examination applies to:

"Q. Did that hurt your reputation or the company's reputation? A. It hurt both our reputations. Q. How much did it hurt your reputation? A. My business motto is to pay my bills. Q. I am not asking about your business motto, go ahead, I withdraw that and tell about your business motto. A. I pay my bills as I go along. Q. And you say you pay your bills as you go along and it hurts your reputation? A. Yes. Q. Had your reputation been hurt any before that time? A. No, sir."

The evidence brought out by the cross-examination was for the purpose of showing that the publicity the defendant was subjected to by reason of the garnishment and attachment proceedings in the light of his own conduct was not cause for complaint; and while we do not see any particular merit in this cross-examination, still we cannot see where the defendant was injured by it.

4. The defendant further complains that the court erred in refusing to give instructions 3 and 4 offered by the defendant, which were to the effect that if the jury believed from a preponderance of the evidence that the plaintiff had the writs of garnishment and attachment issued and served in the case for the purpose of embarrassing, harrassing, and causing the defendant disagreeable notoriety and that the defendant was injured by such notoriety and embarrassment, they should find in favor of the defendant on this account in any sum not to exceed $5,000, the amount sued for.

The court refused to give the instructions asked for, but instead gave the following instruction:

"You are instructed, gentlemen of the jury, as a matter of law, that a person seeking to seize property on an alleged claim is not permitted under attachment or garnishment proceedings to seize more than will secure his alleged claim, and if he does so, it is at his peril and he is liable to the person whose property has been so seized in damages in an amount sufficient to compensate the person injured for the injury inflicted."

We think this instruction covered the point fully and it was not error to refuse to give the istructions asked for by the defendant.

5. The defendant complains under its fifth assignment of error that the jury disregarded the instruction of the court as to damages on account of the attachment proceedings.

An examination of the record discloses that the testimony as to the garnishment and attachment proceedings and the damages claimed by the defendant was introduced and submitted to the jury for their consideration under the above instruction of the court, and the damages were for them to determine, and they decided these issues in favor of the plaintiff and against the defendant, and we think the testimony supports the verdict and the defendant's contention is without merit.

We think the trial of this case resulted in substantial justice between the parties, and we, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.