## EAGLE LOAN & INV. CO. y. STARKS et ux.

No. 16262—Opinion Filed Feb. 2, 1926.

**1. Trial—Effect of Demurrer to Evidence.**

The test to be applied to a demurrer to the evidence is that such demurrer admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn therefrom, and the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove.

**2. Appeal and Error—Sufficiency of Evidence—Verdict.**

If there is any competent testimony that reasonably tends to support the verdict of the jury, the judgment based thereon will not be disturbed on appeal.

(Syllabus by Pinkham, C.)

Commisioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by John E. Starks and Mrs. John E. Starks against the Eagle Loan & Investment Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

A. H. Meyer and J. S. Lewis, for plaintiff in error.

John A. Maupin, for defendants in error.

Opinion by PINKHAM, C. This action was originally instituted in a justice of the

peace court by the defendants in error, John E. Starks and Mrs. John E. Starks, as plaintiffs, against the plaintiff in error, Eagle Loan & Investment Company, a corporation, as defendant, for the recovery of usurious interest alleged to have been paid in the sum of $50, for attorneys' fees, and costs. The parties will be re_erred to as plaintiffs and defendant as they appeared in the trial court.

At the close of the evidence in the justice court judgment was rendered against the defendant in the sum of $53, and for attorneys' fees in the sum of $10 and costs. The case was appealed to the district court.

At the conclusion of the evidence, in the district court, offered on the part of the plaintiffs, the defendant demurred thereto, which demurrer was by the court overruled and exceptions saved. The defendant then offered its evidence, and at the conclusion of the defendant's evidence the court instructed the jury. Thereafter the jury returned a verdict finding the issues in favor of the plaintiffs and the amount of their recovery at $53 and costs of suit. The court rendered judgment in the sum of $53 and attorneys' fees in the sum of $25 and costs. Defendant filed its motion for a new trial, which was overruled, exceptions saved, and the cause comes regularly on appeal of the defendant to this court by petition in error and case-made attached.

For reversal of the judgment counsel for defendant assign as error: First, the overruling of defendant's demurrer to the plaintiffs' evidence. The evidence on the part of plaintiffs is that on the 7th day of February, 1923, they borrowed $50 of the defendant; that they executed a note therefor in the sum of $50, and at the same time signed another note calling for $26.50 interest to be paid thereon, and that they paid the note for $50 and also paid the note for $26.50, making $76.50 on the loan for $50 for six months. The plaintiffs' evidence further disclosed that they had procured a loan from the defendant on August 22, 1922, of $100, which they paid off at the rate of $24.75 per month, making in all $147, and that on February 7, 1923, the plaintiffs made another loan of $50 with the defendant, and paid the defendant back $76.50, which is the particular loan involved in the instant action, and that on July 7, 1923, after the other two loans had been paid, plaintiffs borrowed another $50 from the defendant and agreed to pay $76.50, and did in fact pay back $25.50 on this last mentioned loan, which loan, however, is not involved in this case.

The test to be applied to a demurrer to the evidence is that such demurrer admits all of the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn therefrom, and the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove. Armstrong v. City of Tulsa, 102 Okla. 49, 226 Pac. 560. We think there was competent evidence reasonably tending to support the plaintiffs' cause, and that defendant's demurrer to the plaintiffs' evidence was properly overruled.

As to the contention that the court admitted incompetent and prejudicial testimony in the way of purported contracts and receipts which were not properly identified, and that the court erred in refusing to rule out incompetent evidence, we think it sufficient to say that a careful examination of all the evidence disclosed by the record fails to support these propositions. The incompetent evidence relied upon is based upon the following circumstance: The plaintiff testified in substance that at the time she paid the $50 note and the $26.50 interest note, the defendant tore the signature off the interest note and gave the same to her and retained the note after the signatures had been removed. The court admitted in evidence this paper in words and figures as follows:

"———— per annum, until paid
"John E. Starks
"Mrs. Mary F. Starks.
"$26.50."

In this, we perceive no error.

The testimony of defendant's manager, who was the only witness produced by defendant, was to the effect that the three loans made to the plaintiffs consisted of one continuous transaction. He testified that plaintiffs borrowed $100 on August 22, 1922; that on February 7, 1923, they borrowed $50, and also borrowed $50 on July 7, 1923, making a total of $200, and that they had paid back $218 and still owed a balance on the three loans.

"The legal rate of interest shall not exceed six per cent., in the absence of any contract as to the rate of interest, and by contract parties may agree upon any rate not to exceed ten per cent. per annum. Said rates of six and ten per cent. shall be, respectively, the legal rate and the maximum contract rates of interest." Sec. 5097, C. S. 1921.

"The taking, receiving, reserving or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an action of debt, twice the amount of the entire interest paid. * * * " Sec. 5098, C. S. 1921.

The court instructed the jury that if it believed that the defendant loaned plaintiff $50 and required her to sign a note for $50, and also a note for $26.50, and that the $50 note was paid and the $26.50 note was paid, its verdict, if the jury believed that same had been established by a preponderance of the evidence, should be for the plaintiff in the sum of $53 or double the amount of interest that was charged and paid; that, on the other hand, if the jury should believe that the defendant loaned the plaintiff $100 at one time and $50 at another time, and $50 at still another time, and did not charge or receive any usurious interest or any interest over ten per cent., then the jury's verdict should be for the defendant. It will thus be seen that the disputed questions of fact disclosed by the evidence on the part of plaintiffs and defendant were properly submitted to the jury for its determination.

If there is any competent testimony that reasonably tends to support the verdict of the jury, the judgment based thereon will not be disturbed on appeal. Seyler Development Co. v. Mullen, 93 Okla. 292, 220 Pac. 471.

Upon the whole case we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1543; 26 R. C. L. p. 1063; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694. (2) 4 C. J. p. 854 § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.