### ATCHISON, T. & S. F. RY. CO. v. CLARK.

No. 16363—Opinion Filed March 16 1926.

**1. Carriers—Damages to Live Stock—Proof of Negligence as Proximate Cause.**

The evidence must show that the negligent acts charged by the plaintiff were the proximate cause of the injury suffered by the plaintiff, in order to sustain a verdict and judgment against the defendant.

**2. Same—Insufficiency of Evidence.**

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, McClain County; Tom P. Pace, Judge.

Action by Roy E. Clark against the Atchison, Topeka & Santa Fe Railway Company. Judgment for the plaintiff, and defendant brings error. Reversed and remanded.

Cottingham, McInnis & Green, F. G. Anderson, and M. M. Gibbens, for plaintiff in error.

F. A. Groenendyke, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant for damages alleged to have been suffered by the former on account of a shipment of cattle transported by the defendant. The trial of the cause resulted in judgment for the plaintiff. The defendant has appealed the cause, and assigns as error that the verdict and judgment are contrary to the law and the evidence.

The acts which the plaintiff charged as constituting negligence of the defendant, are, in substance: That the defendant agreed to place a car for the shipment of cattle at Purcell on October 9th, for the use of the plaintiff in shipping cattle to Oklahoma City; that the defendant did not place the car for loading until the 10th. The defendant answered by way of general denial, with the further plea that unprecedented floods had impaired the railway line of the defendant, so that it could not secure, move, and place the car for loading at Purcell until the 10th of October.

The evidence is that the defendant agreed to place the car at Purcell on the 9th of October, but failed to so place the same until the 10th. The further evidence of the defendant is that its freight train, for transporting stock to Oklahoma City, departed from Purcell at 10:30 a. m. on the 9th. The plaintiff did not complete the delivery of his stock in the pens at Purcell until about 12:30 p. m. on the 9th. The defendant loaded and transported the stock to Oklahoma City by the first available train, after the departure of the morning train on the 9th. The plaintiff does not contend that the defendant was negligent in running trains for transporting the stock. The complaint of the plaintiff is, that the shipment was detained at Purcell from the time of its delivery until about 4 p. m. on the 10th, and that the delay resulted in the stock depreciating in weight. The plaintiff does not contend that the defendant might have moved the shipment, in the exercise of reasonable diligence, after delivery at Purcell, before the afternoon of the 10th. The train of the 9th departed from Purcell before the plaintiff had completed the delivery of his stock. The defendant provided a car for loading the stock in time for the next available train, so far as the evidence shows. The placing of the car for loading before the departure of the train of the 9th, would not have enabled the plaintiff to move his stock before the evening of the 10th. The defendant was not required to place a car until the plaintiff was ready to load the stock. The failure to place the car on the 9th was not the cause of delaying the shipment until the 10th. The plaintiff must show that the breach of the agreement w the proximate cause of the injury suffered by him. It is not enough to show a mere breach of the contract, unless the wrong resulted in the injury complained of. A different question would be made, if the plaintiff had delivered his stock at the pen in time for loading and moving in the train of the 9th. Wyman v. C., R. I. & P. Ry. Co., 76 Okla. 172, 184 Pac. 758; M., O. & G. Ry. Co. v. Miller, 45 Okla. 173, 145 Pac. 367; St. L. & S. F. Ry. Co. v. Hess, 34 Okla. 615, 126 Pac. 760.

It would serve no useful purpose to consider the other questions presented in the appeal. The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered..

Note.—See under (1) 10 C. J. p. 395 §' 605. (2) 4 C. J. p. 1164 § 3181.