## SWINDLER v. SELBY.

No. 18043.     Opinion Filed April 3, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

**Appeal and Error—Review—Verdict Reasonably Supported by Evidence not Disturbed.**

Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by J. L. Selby against James A. Swindler. Judgment for plaintiff, and defendant appeals. Affirmed.

Neff & Neff and Harry G. Davis, for plaintiff in error.

Linebaugh & Pinson, for defendant in error.

MASON, V. C. J. The defendant in error, plaintiff below, recovered a judgment for $750 against the plaintiff in error, defendant below, for services performed in the management and supervision of the operation of an oil and gas lease under a verbal contract with defendant for the months of June, July, and August, 1922, at $250 per month, from which judgment the defendant appeals. The parties will be referred to herein as they appeared in the trial court.

For reversal, it is first urged that the verdict and judgment are not sustained by the evidence. Under this assignment, this court will not review the evidence for the purpose of determining the weight thereof, but if there is any competent evidence reasonably tending to sustain the said verdict, though the evidence be conflicting, and if there are no errors in the instructions of the court, we will not disturb said verdict on appeal, but if there be no competent evidence, then the trial court erred in submitting the issues to the jury.

Plaintiff's evidence discloses that plaintiff and defendant, in conjunction with other parties, owned interests in an oil and gas

lease which was being operated; that said lease was in litigation; that the other parties kept a superintendent on the lease and the parties hereto kept such a superintendent; that the proceeds of said lease were being impounded in said litigation; that said superintendents were paid for their services out of said funds; that each received $250 per month, $50 of which was for the use of their individual automobile; that the defendant had been acting as superintendent for these parties; that during the month of May, 1922, the defendant, who had received certain injuries, advised the plaintiff that he would not act in said capacity during the months of June, July, and August; that the plaintiff and defendant agreed that the plaintiff should perform said services during that time and receive the compensation to which the defendant would be entitled for the performance of said services.

Plaintiff's evidence then discloses that during the months of June, July, and August, 1922, he performed said services and used his automobile in connection therewith. (C.-M. 45-52.) It also appears that the defendant was paid for said services during these months, but refused to pay the plaintiff.

Defendant denied the contract and that he was on his vacation for more than five months. The evidence of the plaintiff was somewhat confusing, if not conflicting, in some respects. Yet, we think that it was sufficient to support the finding of the jury that the contract had been entered into and the plaintiff had complied with its provisions.

It is next urged that the trial court erred in overruling defendant's motion for a new trial on the grounds of newly discovered evidence. In this motion defendant contended that he had not gone to Bella Vista, Ark., on his vacation, but was present when a certain well on the lease was completed, and relied upon documentary evidence of the Corporation Commission that said well was completed on June 14, 1922. We fail to see wherein this evidence would be material, but if so, it was only cumulative to other evidence of the defendant. The evidence of the plaintiff was that the defendant had injured his foot and for that reason had employed the plaintiff for the months of June, July, and August, and the mere fact that the defendant was present one day during that time when a well was completed could not change the terms of the contract.

Some complaint is also made that the trial court erred in permitting the plaintiff to amend his petition during the trial. The record discloses that the petition alleged that the services were performed during the year 1923, and during the trial the court permitted plaintiff to amend the petition by making it read 1922. The record also discloses that the court informed the defendant that he would be given a continuance if he so desired, but the defendant elected to proceed. Under these circumstances, he will not be heard to complain of the action of the trial court.

From an examination of the record in this case, we think the case was fairly tried and properly presented to the jury and, although there was a sharp conflict in the evidence, the jury adopted that of plaintiff, and its verdict, being supported by competent evidence, will not be disturbed.

The judgment is therefore affirmed.

HARRISON, PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.