## BAKER v. CHANEY.

No. 21689. Jan. 16, 1934.

Hughes & Hughes, for plaintiff in error.

E. V. Rakestraw, for defendant in error.

WELCH, J. This is an appeal from the district court of Kiowa county, Okla., wherein defendant in error, Nora Chaney, as plaintiff, recovered a judgment from plaintiff in error, W. U. Baker, as defendant. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The facts out of which the controversy grew are substantially as follows: In January, 1918, one Rowland was the owner of a brick store building in Hobart, and leased this building to the Bratton Dry Goods Company, a corporation, for a period of five years. In the contract Rowland agreed to place $400 worth of shelving in the building for the use of his tenant, it being agreed that at the expiration of the lease the shelving would remain the property of Rowland, and would be left in the building by the Dry Goods Company when it vacated the same. Rowland, instead of placing the shelving in the building himself, provided the Dry Goods Company with $400 in cash for the purpose of installing such shelving therein as the company desired. The company used this cash in installing certain shelving and fixtures in the building, and in addition thereto purchased and installed other furniture and fixtures and shelving. In February, 1919, Rowland sold the building and the shelving which he owned to the plaintiff, conveying the building to her by general warranty deed, and conveying the shelving by separate written instrument.

On March 10, 1920, the plaintiff sold the building to the defendant, conveying the same by general warranty deed, and at the time of such sale and conveyance the shelving was still located within the building, and was still being used by the Dry Goods Company as tenant. At the time of the sale and transfer of the building to the defendant nothing was said about the shelving. In about August, 1920, the plaintiff for the first time approached defendant regarding the shelving, and at that time endeavored to sell the same to him, but without success, the defendant referring her to the Dry Goods Company, but, according to plaintiff's

testimony, the defendant did not at that time claim ownership of the shelving. Several years thereafter, possibly as late as 1923 or 1924, plaintiff, through her agent, again approached defendant in an effort to sell the shelving to him, and defendant at that time advised her that he had concluded that the shelving was a permanent part of the building, and that he was the owner thereof by reason of the deed conveying the real premises to him. On November 9, 1926, the plaintiff filed her petition in the district court against the Bratton Dry Goods Company and defendant, W. U. Baker, alleging that she had a $400 undivided interest in certain shelving and fixtures within said building, and sought judgment for partition of such personal property. It was alleged that defendant, W. U. Baker, claimed some right, title, or interest in the property, but denied that any such right in fact existed, and prayed the judgment of the court establishing the rights of the parties.

Defendant filed his answer, in which he alleged that the shelving was attached to the building at the time he purchased the same, and was therefore part of the realty conveyed to him by the warranty deed, and alleged that he was the owner of all of the property mentioned in plaintiff's petition, and answered, further, that the cause of action was barred by the statute of limitations.

The cause was tried to a jury and resulted in the rendition of a verdict and judgment against the Dry Goods Company and against the defendant Baker. The Bratton Dry Goods Company has not appealed. The verdict and judgment against W. U. Baker was in the sum of $200, from which he prosecutes this appeal.

The defendant urges three propositions as error of the trial court, the first of which is, "that if the property in controversy was permanently affixed to the building, it became and was a part of the realty and passed with the conveyance from defendant in error to plaintiff in error, not having been reserved."

The question of whether or not the property involved was permanently affixed to the building at the time same was purchased by the plaintiff is a question of fact, in this case to be determined by the jury, and the finding of the jury in this regard will not be disturbed if such finding is reasonably supported by competent evidence. C., R. I. & P. Ry. Co. v. Brown, 55 Okla. 173, 154 P 1161; Swindler v. Selby, 130 Okla. 294, 267 P. 471, and many other cases to the same

effect decided by this court. An examination of the record reveals that the evidence on that point is conflicting, but we have concluded that there is ample testimony in the record supporting the verdict and conclusion reached in this regard. The plaintiff and others of her witnesses testified that the shelving and fixtures were so constructed as to be movable, and that they were moved frequently by the Dry Goods Company in using the same, and that at the time Baker purchased the building the shelving was not attached thereto. The record further discloses that the jury was permitted a personal view of the property involved. Upon that question of fact the verdict of the jury, supported by competent testimony and view of the premises and property by the jury, is binding on this court.

Defendant's third proposition enumerated in his brief, to the effect "that the verdict and judgment was not sustained by sufficient evidence, and is contrary to law," is decided adversely to his contention, and as has been pointed out. We find no error in this regard.

Defendant urges as his second proposition that, "If it was personal property and not a fixture to the building, then plaintiff's cause of action was barred by the statute of limitation." Defendant bases this argument upon the theory that plaintiff's evidence shows that Baker possessed the property and claimed title to same for more than two years before suit was brought; that the testimony of plaintiff's witness was to the effect that some two or three years after he had his first talk with Baker about the shelving Baker had told him that he had made up his mind that the shelving belonged to him, because it was a part of the building. Defendant argues that under plaintiff's own testimony, Baker had informed her through her agent, not later than August, 1923, that he owned the property involved and withheld possession of same from her, and that therefore, unless suit was brought by her for the recovery of same within two years from such time, the cause would be barred by the third subdivision of section 101, O. S. 1931, which provides a two-year limitation for bringing an action for specific recovery of personal property.

An examination of the entire testimony of this witness, however, discloses that he is very indefinite in fixing the date of the conversation wherein Baker claimed ownership of the shelving, and he says in his testimony that the conversation could have been either in 1923 or 1924.

This question of limitation was raised in the pleadings, and was also urged by demurrer to the evidence. In Calhoma Oil Syndicate et al. v. Atlas Supply Co., 117 Okla. 6, 244 P. 770, this court held:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove."

This same rule is announced in Eagle Loan & Inv. Co. v. Starks, 116 Okla. 149, 243 P. 723; Tidal Refining Co. v. Charles E. Knox Oil Co., 116 Okla. 1, 243 P. 150; Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560; Beggs Oil Co. v. Deardorf, 97 Okla. 33, 222 P. 535.

It is apparent from this evidence that this statement might have been made to defendant's agent within a period of two years from the filing of her petition. We conclude that the trial court committed no error in passing upon this question.

The petition in error refers generally to "errors of law occurring at the trial," and to error of the trial court "in admitting incompetent, irrelevant and immaterial evidence," but no such errors are argued or further pointed out in the brief, and we assume such assignments of error are abandoned. No objection is made in any manner to the instruction given to the jury, nor were there any instructions specifically requested by either party. We therefore conclude that the cause was tried and submitted to the jury without error, and that the verdict and judgment are sustained by competent evidence.

The judgment of the trial court is therefore affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.