W. E. WHITE, C. B. UTSLER AND P. J. GOULDING v. JOHN C. MADISON.

(Filed September 7, 1905.)

1. NEW TRIAL—Motion for—What Errors Not Raised by. Where an action upon an official bond has been once tried to a jury, and the verdict of the jury has been set aside by the court, and thereafter the pleadings in the cause have been amended and the cause retried, resulting in judgment against the officer and his bondsmen, a motion for a new trial which does not refer to errors arising upon the first trial or error of the court in setting aside the first verdict does not, when overruled, reserve for the determination of this court any question of error not arising upon the last trial.

2. INSTRUCTIONS TO JURY—Technical Words—Defining to Jury. Technical words used in an instruction need not be defined in such instructions, if the same are, as used in the instructions as a whole made definite and intelligible to the jury.

3. **SPECIAL FINDINGS—When Will Not Control General Verdict.** Where in the trial of a cause a general verdict is returned by the jury, together with special findings of fact in answer to interrogatories, such general verdict must stand, unless the special facts found are sufficient to negative the jury's right to return such general verdict.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Roberts & Curran*, for plaintiffs in error.

*Moore & Moore*, for defendant in error.

### STATEMENT OF FACTS.

This is an action to recover damages for an unlawful arrest and imprisonment brought against the city marshal of the city of Enid, and the sureties, on his official bond.

Verdict and judgment for the plaintiff. Defendant appeals.

It appears that on the 7th day of August, 1901, the defendant, W. E. White, was duly elected, qualified and acting marshal of the city of Enid, Garfield county, O. T., and that C. B. Utsler and P. J. Goulding were the sureties on his official bond. It also appears that said bond provided for the discharge of the duties of his office by said marshal "without fear or favor, fraud or oppression."

The petition charged defendant White with having on the 7th day of August, 1901, "unfaithfully to the duties of his office, oppressively, wrongfully and illegally arrested and imprisoned plaintiff in the city prison of the city of Enid." The answer admits the arrest and imprisonment, but denies that it was wrongful or oppressive. Upon this issue the cause was tried to a jury at the December, 1902, term, and

a verdict returned in the following form, omitting the entitling of the cause:

"We the jury empaneled and·sworn to try the issues in the above entitled cause, do, upon our oaths, find for the plaintiff and against the defendant, W. E. White, in the sum of $500.00."

Motion by defendants to vacate and set aside the verdict returned by the jury, and to render judgment in favor of defendants, because under the issues in said cause the failure of the jury to return a verdict against all of the defendants is a release of all under the law. Later the defendant White filed his separate motion to set aside the verdict upon the ground that it was void, the obligation sued upon being joint, and the verdict not being a verdict against all the defendants. The first of said motions was overruled, to which defendants excepted, but the latter was sustained by the court, and the verdict set aside, and the plaintiff having asked leave to file an amended petition was given thirty days in which to file the same. Plaintiff having filed his amended petition, defendants demurred thereto, and the demurrer being overruled, answered in substance and effect as in the former petition. At the April term, 1903, the case again came on for·trial before a jury, and at the conclusion of the evidence the court instructed the jury, and thereafter the jury returned their verdict into court in the words and figures following:

"We the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths find for the plaintiff in the sum of $500.00."

Special questions were also submitted to and answered by the jury.

The evidence was somewhat conflicting as to the circumstances of the arrest, and the occasion or excuse therefor, but it is not claimed that defendant in error was in fact guilty of any offense, or that any charge or complaint was ever filed against him either before or after his arrest. After being kept in a filthy prison over night, he was told by the plaintiff in error, White, to go.

At the conclusion of the second trial judgment was entered upon the verdict in that case rendered, and thereupon plaintiffs in error move the court for a new trial, which motion is as follows (omitting the title) :

"Come now the defendants and move the court to grant a new trial in the above cause for the following reasons, to wit: First, misconduct of the jury; second, that the verdict is not sustained by sufficient evidence; third, that the verdict is contrary to law; fourth, for errors of law occuring during the trial, and excepted to at the time by defendants."

Which motion having been heard and considered by the court was overruled, and exceptions allowed.

Opinion of the court by

Gillette, J.: No questions of error are presented by the record in this case except such as arise upon the overruling of a motion for a new trial, and the motion for a new trial relates exclusively to errors arising upon the final trial, resulting in a judgment against the defendants jointly.

The first four assignments of error presented in the brief for the plaintiff in error relate exclusively to questions of error arising upon the first trial of the case. The action as originally brought against the three defendants was upon a joint obligation. At the conclusion of the first trial the

jury returned a verdict against one of the defendants, making no reference whatever, to the other two.

The defendants upon the return of such verdict moved the court for judgment in their favor, for the reason the obligation sued on being joint, the release of one was the release of all, and that the two not found against were released by the verdict, and their release operated to nullify the verdict against the other. This motion was overruled by the court.

We are of the opinion that there was no error in the ruling of the court in this respect as to the two defendants not found against in the verdict. The fact that there was no verdict as to them either for or against, made the proceeding a mistrial so far as they were concerned, and they were not because of this fact entitled to a judgment in their favor.

Upon the overruling of the motion for judgment in favor of defendants, the defendant, White, against whom the verdict was rendered, moved the court for an order vacating the judgment against him. This motion the court sustained, and set the verdict aside. As the case then stood, there was no verdict upon which judgment could be rendered either for or against either of the defendants. The verdict against defendant White was erroneous under the issue framed, and was rightfully set aside upon his motion. The want of verdict against the other two defendants either for or against them left the case standing without conclusion by the jury upon which the court could enter judgment making final disposition of the case. A new trial was therefore necessary in the cause, in order that the rights of the parties might be finally and lawfully disposed of by judgment.

The order of the court therefore overruling the motion of defendants for judgment in their favor, and the order of the court setting aside the verdict against defendant, White, and the further order of the court thereafter allowing the plaintiff to amend his petition and setting the case for retrial, when the issues upon such an amended petition were joined, were not erroneous and must be upheld.

Complaint is made of the instructions to the jury, especially the second, wherein the court charged the jury;

"And if you should find, from the evidence that defendant White unlawfully and oppressively arrested the plaintiff in the night time and confined him in the city jail, then you should find for the plaintiff and against all the defendants, in the sum of actual damages which the plaintiff suffered."

The objection made to this instruction is that it does not define what constitutes an unlawful and oppressive arrest.

In the third instruction the jury are informed by the court under what circumstances an arrest without a warrant may be made, and in the fourth instruction, at the request of the defendant, an arrest in an oppressive manner is defined. The instruction complained of when considered in connection with the third and fourth instructions given, presents no reversible error in this case.

The fifth contention is that the court should have rendered judgment for the plaintiffs in error upon the answers of the jury to the special questions submitted to them, and particularly the answers to questions No. 2, 3, 4 and 5, which are as follows:

"Q. 2.  Is the witness Walter Billings a credible person?
"A.  Yes, but not a credible witness in this case.

"Q. 3.   Did the witness Walter Billings inform the defendant that an attempt had been made to pick his pocket?

"A.   Yes.

"Q. 4.   Did the witness Billings point out the plaintiff to the defendant as the person who attempted to pick his pocket?

"A.   We don't know.

"Q. 5.   Did defendant White have reasonable ground to suppose that the plaintiff had committed the offense?

"A.   The informant never identified the plaintiff as the person."

The jury returned a general verdict in favor of plaintiff for five hundred dollars damages, accompanied by the special findings of fact in answer to interrogatories, among them those above stated.   By the general verdict, all of the issues were determined against the defendants, and such verdict must stand, unless the special facts found are sufficient to negative the jury's right to return such general verdict.

The verdict of the jury authorized judgment against defendants for the false imprisonment of the plaintiff.   By the special questions of fact it was sought to be shown that the arrest and imprisonment were justified, which fact if established would overthrow the general verdict.   An examination of the special questions and the answers of the jury thereto above set forth shows that no fact is established by them except that the witness Billings, informed the marshal, White, that an attempt had been made to pick his pocket.   There is nothing shown by such questions and answers which establish the fact that the arrest and imprisonment was justified upon information of the witness Billings, and as this was the only attempt at justification which is now relied upon by plaintiffs in error, it must be held to have failed

for it is certainly insufficient to justify the court in disturbing the general verdict.

The sixth ground of error presented complains of the judgment of the court in overruling the motion for a new trial because of misconduct of the jury, and is in substance that before the case was submitted to the jury some of the jurors talked about the merits of the case to each other, and expressed their opinion prejudicial to the rights of defendant. This question was tried to the court and testimony taken, at the conclusion of which the court overruled the motion for a new trial on that ground. The testimony passed upon by the court in this ruling is preserved in the record. We have examined such testimony, and find that the conclusions of the court below are fully justified by it. Nothing is shown to have been stated with reference to the merits of the case. It appears that one of the jurors made the remark "we are tied up again for the night." Another replied, "If they are all of my opinion it will be quickly settled."

It appears further that the bailiff permitted a man by the name of Swigart to enquire of one of the jurors with reference to the residence of some person not on the jury, and another juror was permitted to say to his daughter that he could not go home with them that night.

From this no prejudicial error could have arisen justifying a reversal of this case. Finding no error in the record, the judgment of the court below must be affirmed with costs.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.