Note.—See under (1) 28 Cyc. p 1358; anno. 20 L. R. A. (N. S.) 513; 13 A. L. R. 36; 13 R. C. L. p. 310; 3 R. C. L. Supp. p. 40; 4 R. C. L. Supp. p. 808; 5 R. C. L. Supp. p. 695. (2) 28 Cyc. p. 1384; anno. 20 L. R. A. (N. S.) 513 13 A. L. R. 46; 13 R. C. L. p. 340; 3 R. C. L. Supp.p. p. 45. (3) 28 Cyc. pp. 1502, 1505. 1531: 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L.Supp. p. 79.

---

## RAMSEY v. FEDERAL SURETY CO.

No. 16920—Opinion Filed Sept. 7, 1926.

(Syllabus.)

**Attachment — Intervention — Issues and Course of Trial.**

Any person claiming property attached

may interplead, and issues made by such interpleader, under section 229, Comp. Stats. 1921, should be tried and determined as like issues between plaintiff and defendant, and in doing so the plaintiff may, in his opening statement, read his petition filed against defendant in said action and introduce evidence in support of the allegations that the property attached belongs to the defendant rather than to interpleader.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Federal Surety Company against A. J. Ramsey. Ethel Ramsey filed interplea in said action, and from a judgment rendered in favor of plaintiff, interpleader appeals. Affirmed.

Ernest F. Smith, for plaintiff in error.

Harry O. Glasser, for defendant in error.

PHELPS, J. A. J. Ramsey contracted with the board of county commissioners of Garfield county to build certain bridges, for the faithful performance of which he executed a construction bond. After doing a portion of the bridge work contracted, Ramsey abandoned the work, stored his household goods, etc., in Enid, and he, together with his wife, Ethel Ramsey, plaintiff in error herein, left the state. The Federal Surety Company, surety on said construction bond, having made good the default, brought suit in the district court of Garfield county against Ramsey for reimbursement and attached the goods. Ethel Ramsey, plaintiff in error herein, then filed in said action an interplea, alleging that the property attached belonged to her rather than to her husband, A. J. Ramsey, to which interplea the plaintiff filed a general denial. With the issues thus joined the cause was tried to a jury, at the conclusion of which the following verdict was returned:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find that the interpleader, Ethel Ramsey, is the owner of the personal property attached herein and described in plaintiff's petition, and that she is entitled to the immediate possession thereof: All trunks, bedding, cedar chest, and all wearing apparel."

The verdict was signed by ten jurors, and they were asked by the court, in the absence of plaintiff and interpleader and their counsel, to explain just what they meant by the term "all trunks, bedding, cedar chest, and all wearing apparel," and they announced that all trunks, bedding, cedar chest, and wearing apparel were found to be the property of Ethel Ramsey, interpleader, and the remaining articles were found to be the property of A. J. Ramsey, defendant. Judgment was rendered in accordance with the finding of the jury, to reverse which this appeal is prosecuted by interpleader.

The parties will be referred to herein as they appeared in the trial court, viz., plaintiff in error as interpleader and defendant in error as plaintiff.

The record shows that after evidence had been introduced by interpleader in support of her interplea, counsel for plaintiff, in his opening statement, read the petition setting forth the matters in issue between plaintiff and defendant, and stated that plaintiff expected to prove that the household goods in question, with the possible exception of some clothing and personal effects belonging to interpleader, belonged to the defendant, A. J. Ramsey, to which reading of the petition and statement, counsel for interpleader objected upon the ground that the petition and statement of counsel for plaintiff had reference to issues between the Federal Surety Company and A. J. Ramsey, plaintiff and defendant, and should not be introduced as between plaintiff and interpleader, and further objected to the introduction of evidence in support of the allegations of the petition. The court overruled the objection, and the first three assignments of error presented here include a combination of this one question.

In support of his contention that the court erred in permitting counsel for plaintiff to read the petition and introduce evidence in support thereof, counsel for interpleader cites section 229, Comp. Stats. 1921, as follows:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent or attorney, and issues may be made upon such interpleader and shall be tried as like issues between the plaintiff and defendant and without any unnecessary delay."

In other words, counsel for interpleader insists that under this section of the statute allegations in the petition by plaintiff against defendant as to the ownership of the property were not in issue: that filing of the interplea changed such issues from the allegations in the petition as between plaintiff and defendant to the allegations of the interplea as between plaintiff and interpleader, and that the plaintiff should have been placed on the defensive to defend itself as against the claim of interpleader. Plaintiff introduced evidence in support of its contention that the property belonged to defendant rather than to interpleader, and as

between plaintiff and interpleader this was clearly an effort on plaintiff's part to prove the allegations of its petition. thus defending itself as against the claim of interpleader. To be sure, the issues were between plaintiff and interpleader, plaintiff claiming that the property belonged to defendant and interpleader claiming that it belonged to her, and practically all the evidence introduced by plaintiff was to the effect that the property belonged to defendant and not to interpleader. To acquaint the jury with the issues between plaintiff and defendant as formerly made up in the petition, would not, in our judgment, in any way prejudice the rights of interpleader, as it was her duty to prove the allegations of her interplea and the duty of the plaintiff to prove its allegations, which it attempted to do, and it was a question for the jury to determine where the weight of the evidence lies.

In 20 R. C. L. 693, the following statement appears:

"Where the intervener appears only for the purpose of assisting one of the original parties, the judgment may be for or against either of such parties; but where he is allowed to appear and make himself a party for the purpose of claiming something in hostility to the other parties, he is entitled to such relief as may be appropriate to the issues presented by him, and determined in his favor, except in so far as he may be properly met by the rule that he has no right to change the character of the proceeding and thereby obtain relief of a special or collateral character, and not within the main scope of the original action nor germane thereto."

We therefore conclude that the court committed no error in overruling the objection of interpleader to the reading of the petition and the introduction of evidence in support thereof.

Plaintiff further contends that the judgment of the court does not conform to the verdict of the jury, and that it was error for the trial court to request the jurors to explain their verdict in the absence of counsel in the case. As a general rule, the verdict of the jury should be so clear as to not require an explanation, and if for any reason the jury's verdict may be considered ambiguous, we consider it better practice for the trial court to require the jury to retire and prepare their verdict in such form as to necessitate no explanation. However, in the instant case, since the jury's verdict merely found that a portion of the property belonged to the interpleader, making no mention of the other portion, in the interest of clarity and in the absence of any allegation

or showing that the rights of the interpleader were thereby prejudiced, we cannot say reversible error was committed.

The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HUNT, and RILEY, JJ., concur.

Note.—See 6 C. J. p. 373, §831; p. 396, §887; anno. 23 L. R. A. (N. S.) 536; 2 R. C. L. p. 881; 1 R. C. L. Supp. p. 653; 20 R. C. L. 693.