## HILLERY-ATKINS BUICK CO. et al. v. COX.

No. 17649.   Opinion Filed Nov. 15, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a law action where there is competent evidence which reasonably tends to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or in the admission of evidence, the finding of the jury will not be disturbed on appeal.

**2. Appeal and Error—Incompetent Evidence—Necessity for Prejudice.**

Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that admission of such evidence resulted prejudicially to the interests of the one making such objections.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by the Hillery-Atkins Buick Company and R. H. Hillery against J. D. Cox. Judgment for defendant, and plaintiffs appeal. Affirmed.

H. B. Lockett, for plaintiffs in error.

J. W. Marshall, for defendant in error.

MASON, V. C. J. The plaintiffs in error were plaintiffs, and the defendant in error was the defendant in the trial court, and for convenience, they will be referred to herein as they there appeared.

The parties hereto entered into a written contract whereby the defendant constructed a building in conformity with plans submitted by the plaintiffs, which they rented for a period of three years at a rental of $200 per month. After the building was completed, the plaintiffs occupied and used the same for eight or nine months as a garage and automobile sales room, after which it was occupied by subtenants of the plaintiffs with the exception of a short period of time when it was vacant.

It appears that an oil boom, which had been in progress in the city of Duncan, suddenly subsided and that rents in general were reduced very materially; that the plaintiffs failed to pay the rental as provided for in said contract, for which the defendant filed separate actions each month.

The plaintiffs then commenced this action to recover damages in the sum of $3,600, alleged to have been caused because of the defective and leaky condition of the roof of said building. Plaintiffs' action was not based on alleged damages to the automobiles, accessories, or merchandise stored in said building, but it was contended that by reason of the defective condition of the roof the reasonable rent of said building was $100 per month less than it would have been if the roof had been in good condition.

Counsel for plaintiffs, in his brief, says that the only issue presented in the pleadings and in the trial was relative to the alleged defective condition of the roof and the amount of damages.

Verdict and judgment were rendered for the defendant, from which the plaintiffs appeal.

For reversal, it is urged that the verdict of the jury and judgment of the court thereon are not supported by the evidence. The question as to whether the roof leaked was one to be gathered from the facts and circumstances in evidence and was a question of fact for the jury. Although there was a sharp conflict in the evidence on this question, there was competent evidence which reasonably supports the verdict of the jury, and under the well-established rule, the same will not be disturbed on appeal.

The trial court, without objection, admitted evidence of facts surrounding the execution of the aforesaid contract. The defendant, Cox, as a witness, was then asked if he would have built the building if the plaintiffs had not agreed to rent it for a period of years and he answered:

"No, sir; I would not. I obligated myself that my rent would have to meet. I borrowed some money and expected to pay back out of this rent in order to build this building, and I wouldn't have placed myself in that condition until I knew I had this building rented for a period of years that would cover this loan."

The plaintiffs' motion to exclude said answer, because it was not material to the issues in the case, was overruled.

Counsel insist that this action on the part of the trial court constituted reversible error. In view of the admission of similar evidence without objection, we cannot say the evidence complained of was incompetent, but, conceding that it was, counsel for plaintiffs in error has failed to show, and we cannot see, wherein its introduction was prejudicial to the plaintiffs.

Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that admission of such evidence resulted prejudicially to the interests of the one making such objections. Yukon Mills & Grain Company v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422.

The plaintiffs did not attempt to repair the roof and deduct the cost thereof from the rent payable to the defendant. Neither did they attempt to declare the contract terminated and vacate the premises by reason of the defective condition of the roof.

In Ewing v. Cadwell, 121 Okla. 115, 247 Pac. 665, this court, in discussing a similar case, used the following language in the body of the opinion:

"The tenant can stay in the property and repair it with the landlord's money, or he can move out and pay no further rent, but he cannot stay in and refuse to pay rent, **neither can he stay and allow the premises to remain dilapidated and recover damages from the landlord caused by want of re-**

**pairs,** which the tenant had the right to make himself at the landlord's expense."

The plaintiffs made no objection to the instructions of the court, which, from our examination, appear to be more favorable to the plaintiffs than the law applicable to the case would justify.

Finding no reversible error, the judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 851, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (2) 4 C. J. p. 913, §2881; p. 969, §2952; 2 R. C. L. p. 133; 1 R. C. L. Supp. p. 407.