## THOMPSON v. BURNETT et al.

No. 21282.   Dec. 19, 1933.

L. L. Cowley, for plaintiff in error.

James M. Hays, Jr,, for defendant in error.

WELCH, J.  In the trial court T. Guy Burnett, as plaintiff, sued the defendant, Orvel Thompson, for damages for false arrest and false imprisonment.

The action grew out of the following circumstances:  The defendant, who was chief of police of the city of Okmulgee, without a warrant, arrested the plaintiff and imprisoned him for several hours "for investigation."  Denied plaintiff the right to see his attorney whom he called to the jail, and accorded plaintiff no opportunity to be granted bail.   Some three or four hours later, after satisfying himself that no crime had been committed, the defendant released the plaintiff.   No information nor complaint was ever filed in any court charging the plaintiff with any violation of the law.   Nor was any warrant ever issued for his arrest, nor any commitment for his imprisonment.

In the trial court the jury verdict was for the plaintiff for damages in the sum of $50.   Judgment was rendered thereon, and the defendant appealed.

The defendant now insists that the verdict is not supported by the evidence, and that he had lawful authority to so arrest and imprison plaintiff under section 2471, C. O. S. 1921, section 2780, O. S. 1931, which provides, in substance, in subdivision 4, that a peace officer may, without a warrant, arrest a person "on a charge, made upon reasonable cause, of the commission of a felony by the party arrested."   It must be noted, however, that this statutory authority to make an arrest does not in any manner deprive the arrested person of his right to confer with his counsel, and his right to be taken before a magistrate without unnecessary delay, and his right to be permitted to give bail bond in all cases except those in which the charge is a capital offense.

This theory of the defendant, with the evidence offered to support it, was submitted to the jury.   The evidence was not at all clear as to what, if any, felony was said to have been committed by the plaintiff.   There is some evidence from which it may be inferred that the defendant in making the arrest only anticipated that his investigation following the arrest would or might disclose the commission of a misdemeanor and not a felony.   There is grave doubt under all the evidence whether any statement was ever made to the defendant embodying any charge whatever of the commission of a felony by the plaintiff.   The arrest occurred at the hotel rooms where plaintiff lived, about ten or eleven o'clock in the morning.   Plaintiff's employment required him to work nights and he was at home when the defendant went there admittedly to investigate as to a dispute that had just occurred between plaintiff and another man in reference to an overcoat and the loan of a few dollars in money.

After the jury was impaneled the defendant was permitted to amend his answer by adding the words "and that the plaintiff committed the same."   This was permitted

over plaintiff's objection. He had theretofore attacked the sufficiency of the answer to state a defense which had been overruled. The answer was so amended in order to permit the defendant to make the defense that, at the time he arrested the plaintiff, he thought, in good faith, that a felony had been committed by the plaintiff. It was the defendant's contention in the trial that he did not arrest the plaintiff for his dispute with the other man, but that he arrested him suspecting that he had been guilty of misconduct with a person or persons of the opposite sex. There were present in his rooms with the plaintiff on that morning a woman and her two daughters, aged 19 and 13, none of whom were related to the plaintiff. As to why they were there the plaintiff contended they were employed to aid him in the details of work incident to housekeeping, while the defendant assumed and contended they were there for evil purposes, and, as justifying his claim that he arrested plaintiff on the theory that a felony had been committed and he thought plaintiff had committed it, the defendant contended, upon trial, that he thought the plaintiff had been guilty of criminal and felonious misconduct with the youngest girl. The defendant offered testimony and evidence to support his contention of good faith in this regard which was submitted to the jury. Upon the contrary theory the plaintiff offered his evidence.

From the general verdict in favor of plaintiff it is clear that the jury accepted the theory of the plaintiff. There is nothing whatever to indicate any unfairness in the trial, or that the verdict was rendered under the influence of any passion or prejudice. That being true, we could not reverse the judgment for lack of evidence, unless we could say there was no competent evidence to support the verdict. It is earnestly urged here that the evidence of defendant was of the greater weight; that the evidence of the plaintiff was unworthy of belief and unreasonable, while the defendant's evidence was wholly reasonable and was worthy of belief. These were all questions for the jury to determine. Defendant's counsel is both earnest and diligent here, and undoubtedly these questions were forcibly presented to the jury in the trial court. That jury found against the defendant, and such determination is binding on this court as to all disputed facts.

The verdict in this case was a general verdict in favor of the plaintiff. The same rule applies to a general jury verdict as to a general finding of the court in a cause properly triable to a jury in which a jury is waived.

"Where a jury is waived and the case is tried to the court, and the finding of the court is general, such finding is a finding of every substantial thing necessary to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon the Supreme Court upon all doubtful and disputed questions of fact so found." Nations et ux. v. Stone, 92 Okla. 18, 217 P. 1031.

The introduction of competent conflicting testimony in the trial of a cause, or evidence from which reasonably prudent men may arrive at different conclusions. creates an issue of fact for submission to the jury," and,

"If there is any testimony that reasonably tends to support the verdict of the jury, it will not be reversed on appeal." Missouri Pacific Ry. Co. v. Horn, 92 Okla. 148, 218 P. 689.

"The jury are the triers of the facts, and where the evidence reasonably tends to support their verdict, same will not be disturbed by this court on appeal." Shields v. Mitchell, 92 Okla. 135, 218 P. 696.

"Where there is evidence in the record tending to support the verdict of the jury and the judgment rendered thereon, such verdict and judgment will not be disturbed on appeal." Yantis v. Tate, 92 Okla. 209, 218 P. 810.

"Where a case is tried to a jury, they are the triers of the facts, and where there is conflicting evidence, it is not the province of the appellate court to weigh the evidence." Key v. Hill, 93 Okla. 64, 219 P. 308.

The defendant urges error in the overruling of his motion for judgment on the pleadings, because there was new matter in the answer to which no reply had been filed. After the trial jury had been impaneled, the defendant obtained permission and amended his answer by pleading new matter. He then presented his motion for judgment on the pleadings. because there was no reply. Thereupon, the court permitted the plaintiff to file a general denial of the new matter as a reply and the trial proceeded. It was within the discretion of the trial judge, in the furtherance of justice, to permit the defendant to amend his answer and to permit the plaintiff to file reply. The record does not indicate the slightest abuse of discretion in this in-

stance. See section 251, O. S. 1931, and cases there cited.

The defendant urges error in the overruling of his demurrer to plaintiff's evidence. Under the rule that the demurrer admitted the facts as then established by plaintiff's proof, that demurrer was properly overruled, as the plaintiff's evidence, if true, establishes his cause of action as alleged. Such demurrer should not be sustained in any case unless it appears that the evidence of plaintiff, and all reasonable inferences that may be drawn therefrom, if true, would be insufficient to sustain a verdict for plaintiff.

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove." Calhoma Oil Syndicate v. Atlas Supply Co., 117 Okla. 6, 244 P. 770; Eagle Loan & Inv. Co. v. Starks, 116 Okla. 149, 243 P. 723; Tidal Refining Co. v. Charles E. Knox Oil Co., 116 Okla. 1, 243 P. 150; Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560; Beggs Oil Co. v. Deardorf, 97 Okla. 33, 222 P. 535.

"Where, in a suit at law, defendant, at the close of plaintiff's evidence, demurs to the evidence, he thereby admits every fact which the evidence tends to prove and all inferences and conclusions that may be reasonably or logically drawn from such evidence; if the evidence be conflicting upon any particular point, the court in making its conclusions will withdraw from consideration that evidence upon such point which is unfavorable to plaintiff." Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419.

The defendant urges error in the giving of certain instructions. He complains of instruction No. 1, which uses the phrase "material allegations of plaintiff's petition," and instruction No. 2, which uses the phrase "that all persons shall have the right of bail in all cases except for capital offense." Defendant's objection is based on the fact that the court did not give the jury a definition or explain in detail what was meant by "material allegations," or "capital offense." However, we observe that the defendant made no specific request that the court define these terms, and we think these terms are in such general use as to be understood in the average and ordinary courtroom use. Certainly it is true that, if under the special circumstances it was thought

that such terms might not be correctly understood, it would be the duty of either party objecting to their use to call his view to the attention of the trial court with a specific request for a definition of the term so used.

"If the court's charge be not sufficiently full, or sufficiently specific, it is the duty of the party who considers himself aggrieved thereby to request fuller or more specific instructions from the court, and if he fails to do so, there is no basis for an assignment of error to the giving of such instructions; the saving of exceptions thereto will not suffice, not being equivalent to a request for a fuller or more specific instruction." Chicago, R. I. & P. Ry. Co. v. Bradshaw, 122 Okla. 282, 254 P. 725.

See, also, Slick Oil Co. v. Coffey, 72 Okla. 32, 177 P. 915; Lusk v. Kennedy, 73 Okla. 307, 176 P. 502; Chickasha St. Ry. Co. v. Wund, 37 Okla. 582, 132 P. 1078; White v. Madison, 16 Okla. 212, 83 P. 798; City of Cushing v. Bay, 82 Okla. 140, 198 P. 877.

The instructions as a whole did clearly point out to the jury the facts necessary to be proved by the plaintiff to entitle plaintiff to recover. The defendant complains of instruction No. 3, which dealt generally with the defendant's contention as to his reason for the arrest of the plaintiff. We observe nothing unfair in that instruction when read in connection with all of the instructions given. If the court had incorporated in this instruction the statement which defendant urges should have been given therein, then the instruction would clearly have been an improper comment upon the evidence, and improper presentation of the defendant's contention and theory of defense. The defendant complains of instruction No. 4, which instruction as shown by the record is divided into five short paragraphs. The first two paragraphs are practically identical with instructions requested by the defendant in writing. The language there used is very favorable to the defendant and his theory in this case, and might be said to go to the very verge of defendant's rights in the matter. It is the third paragraph of this instruction to which defendant objects, and that paragraph very briefly advised the jury that a bare suspicion would not be probable cause and would not justify an officer in arresting and imprisoning a person to make an investigation. Certainly it cannot be contended that a "bare suspicion" would be probable cause and would justify an arrest and imprisonment. The defendant does not so contend here. The defendant does urge that in this case he

did not act merely upon a "bare suspicion," but, on the contrary, that he acted upon reasonable grounds and probable cause. This was, in this case, a question of fact for the jury. It is true that what constitutes probable cause in law is a question of law for the court and should be clearly set out in the court's instruction to the jury. Then the jury properly guided by that instruction will determine. as a fact queston, whether such facts, or such belief accompanied by good faith, existed in the instant case as to entitle the act to be justified under probable cause therefor. Putter v. Brookins, 164 Okla. 79, 22 P. (2d) 995. In this case the court did so instruct the jury as to this element of the case, and by the instructions the issue thereon was clearly and properly submitted to the jury.

The defendant complains of instruction No. 5, and in particular of the last paragraph of that instruction, which paragraph advised the jury as to plaintiff's prayer for exemplary or punitive damages. The jury verdict awarded no exemplary or punitive damages, and we can see no manner in which the defendant could have been prejudiced by the giving of these instructions. In his petition the plaintiff sought to recover punitive or exemplary damages. and it was the duty of the court to direct the attention of the jury to a consideration of the plaintiff's claim for such damages.

"Where there is some evidence reasonably tending to prove the issue of malice, or oppression in the commission of a tort, it is the duty of the trial court to submit that question to the jury." Reed v. Fichencord, 96 Okla. 3, 219 P. 937.

It was evidently the conclusion of the jury that the facts and circumstances in this case did not justify the allowance of such damages.

The defendant complains of the refusal of the court to give his four requested instructions. Number 1 was an instruction to return a verdict in favor of the defendant. Number 2 was divided into two paragraphs. The second paragraph was given in almost the identical language requested. By the first paragraph of requested instruction No. 2, the defendant would have the jury instructed that the plaintiff could not recover damages for false arrest and imprisonment unless he could prove both the illegality of the arrest and imprisonment, and also malice on the part of the defendant who made the arrest. The reading of the first paragraph indicates clearly that it could not properly have been given as

an instruction in this case. The third requested instruction was given in almost the identical language requested. The defendant, however, complains of a subsequent instruction which he contends appears to unduly restrict and limit his requested instruction No. 3; but that subsequent limiting instruction is the "bare suspicion" instruction heretofore referred to, and we find it contains no improper language. As to requested instruction No. 4, this requested instruction copies all three subdivisions of section 2471, C. O. S. 1921, section 2780, O. S. 1931, and, in addition thereto, defines the term "peace officer" to include the class of officers to which the defendant belongs, and further instructs generally upon the right of an officer to make an arrest and to justify his action in making the arrest without a warrant, by knowledge of facts giving rise to a reasonable ground of belief as to the commission of a felony by the arrested person. It is not here contended that in truth and in fact any felony had been committed, and, therefore, the first two subdivisions of said section of the statute are not applicable to this case. The substance of all of the balance of this requested instruction was given to the jury in the general instructions given. In most instances the actual words of this requested instruction were used, and it is clear that the substance of this requested instruction was thoroughly covered in the instructions given; therefore, it was not error to refuse this instruction.

"It is not error to refuse requested instructions substantially embodied in others given the jury by the court." C., R. I. & P. Ry. Co. v. McAlester, 39 Okla. 153, 134 P. 661; Rumbaugh v. Rumbaugh, 39 Okla. 445, 135 P. 937; Great Western Coal & Coke Co. v. Malone, 39 Okla. 693. 136 P. 403.

"Instructions must be construed as a whole and construed together, and it is not necessary that any particular paragraph thereof contain all the law of the case; it is sufficient if when taken together and considered as a whole they fairly present the law of the case, and there is no conflict between the different paragraphs thereof." Newton v. Allen. 67 Okla. 73, 168 P. 1009; Ponca City Ice Co. v. Robertson, 67 Okla. 86. 169 P. 1111.

The defendant urges error in permitting the plaintiff to introduce testimony over the objection of the defendant to show that the plaintiff was a World War veteran, had been overseas, and was wounded while in service. The defendant moved to strike certain allegations in reference to these matters from plaintiff's petition, and fur-

ther objected to the introduction of this testimony. We are clearly of the opinion in this case that the allegations and testimony as to the details of plaintiff's service in the army, either at home or overseas, was not material to the issues involved and should have been excluded. The reason for excluding such testimony is that it might prejudice the rights of the defendant in the trial. However, in this case, it is equally clear to us that this proof did not work any prejudice to the defendant. That the verdict was not returned under any influence of passion or prejudice is indicated by the amount of the verdict, and even though a trial court should commit some slight error in permitting details of testimony to be introduced in evidence which were incompetent, that cannot operate to require a reversal of the cause where it clearly appears that no prejudice results therefrom.

"Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that admission of such evidence resulted prejudicially to the interests of the one making such objections." Hillery-Atkins Buick Co. v. Cox, 128 Okla. 234, 262 P. 694; Cole v. Ramsey, 124 Okla. 235, 254 P. 962.

The material issues in this case as to the arrest and imprisonment of the plaintiff, and the details thereof, and whether the same was lawful or wrongful, were properly submitted to the jury. The verdict in favor of the plaintiff and fixing his recovery at $50 is sufficiently supported by competent evidence, and the record shows no reversible error.

"Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury is conclusive upon appeal to the Supreme Court." West v. Fondren, 92 Okla. 239, 218 P. 1080.

The judgment of the trial court is therefore affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., not participating. BAYLESS, J., absent.