### BLACKWELL v. MILLER et al.

No. 27377. Oct. 19, 1937.

Rehearing Denied Nov. 30, 1937.

H. A. Johnson, for plaintiff in error.

Judson H. Pierce, for defendant in error City of Perry.

Henry S. Johnston, for defendant in error E. J. Miller.

CORN, J. This is an appeal from the trial court's ruling in an action for damages for personal injuries, tried in the district court of Noble county, wherein E. J. Miller and the city of Perry, Okla., a municipal corporation, were defendants.

The plaintiff alleged that while riding in an automobile on the streets of Perry, on a business errand, she sustained injuries now complained of. The petition alleged that the paving had been extended in such a manner that this street extended upon the oil pumps and the public had become accustomed to using the same as a public highway. The claim was that it was necessary to pass over this paving to reach the gas pumps, and that the driver of the car, in which she was a passenger, attempted to do this, but encountered iron and heavy wooden posts erected by the defendant Miller for an alleged malicious purpose, and that to avoid running into these posts it was necessary for the driver to make a sudden, sharp turn, which he did, thereby throwing this plaintiff from the car and causing her to sustain injuries of which she now complains.

The petition alleged Miller's act of erecting these posts to have been a malicious act, intended to injure the Spradlin Oil Company by preventing ingress and egress of the patrons, and that the city of Perry, by its officers, neglected its duty in neither removing them nor causing them to be removed.

The defendants filed separate answers and the cause was tried to a jury. By agreement the jury was taken to view the scene of the accident. At the close of the plaintiff's testimony, both defendants demurred, and the plaintiff reopened its case to present additional testimony. The defendants renewed their demurrers and were sustained by the trial court and the jury was discharged. Plaintiff filed a motion for new trial, which was overruled, and now brings this appeal, alleging error by the trial court, and submitting four propositions in support thereof. The only question to be decided here is whether the trial court erred in sustaining the defendants' demurrers to the plaintiff's evidence.

The plaintiff first contends that the trial court erred in sustaining the defendant Miller's demurrer to the plaintiff's evidence and discharging the jury, thereby refusing the plaintiff a trial by jury. In support of this proposition the plaintiff cites Armstrong v. City of Tulsa, 102 Okla. 49, 226 P. 560, holding that the test of a demurrer to the evidence is that it admits all facts which the evidence in the slightest degree tends to prove and all conclusions and inferences to be logically drawn therefrom, and that the plaintiff is entitled to every inference which the evidence reasonably tends to prove, when considered in the light most favorable to him. This is undoubtedly a proper statement of the function of a demurrer, having been reannounced in numerous later decisions from this court. See Ramsey v. Federal Surety Co., 121 Okla. 177, 249 P. 137; Thompson v. Burnett, 167 Okla. 62, 27 P. (2d) 1053; and City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462.

It is true that the jury viewed the scene and saw all the details. However, at the trial, full and accurate descriptions of the scene were brought out by the testimony. This court has held many times in the past that where a question of negligence exists, it is one of law for the court, where but one inference can be reasonably drawn from the evidence, and that unless it is shown that the injury was caused by the wrongful act of the defendant, in violation of a legal duty, a demurrer to the plaintiff's evidence should be sustained. See M., K. & T. Ry. Co. v. Sowards, 165 Okla. 214, 25 P. (2d) 641; and Gulf, C. & S. F. Ry. Co. v. Nail, 156 Okla. 294, 10 P. (2d) 668.

The uncontroverted evidence at the trial was that the accident occurred in broad daylight, when the driver of the car in which the plaintiff was a passenger suddenly made a left turn across the street and encountered these posts, obviously in the plain sight of every passerby, these posts being entirely upon the private property of the defendant Miller. The posts themselves were approximately four and a half feet in height and about ten inches square, painted white so as to be easily visible to everyone who passed along that particular part of the street.

It was necessary for recovery here that the plaintiff show primary negligence or a breach of duty on the defendants' part, and

unless this was done there could be no recovery. It was for the trial judge to decide the question of whether there was negligence or not, where only one inference could be drawn from the evidence. City of Tulsa v. Harman, supra. The trial court having considered this matter and ruled thereon, his ruling will not be disturbed on appeal.

The plaintiff's remaining propositions are to the same effect as the first, urging that the trial court ignored material evidence obtained by the jury in viewing the premises, and hence committed error in its ruling, and may as well be treated together for the sake of brevity.

There is no disagreement with the plaintiff's statements that everyone is entitled to have the issues of his cause properly tried, and that a trial court is authorized to send a jury to view the premises involved in a controversy. The difference is that in the instant case the facts of the matter were presented to the jury, as to the physical surroundings, but the problem upon which the case hinged was whether there existed any primary negligence on the part of the defendants. In this connection it may be noted that the trial judge made a rather clear statement of the matter when he said, in passing on the demurrers, that it had just as well be said "when a person ran into a store, that the store should not have been there."

That is the point in this case exactly. There was no evidence of primary negligence on the part of either defendant; there was no evidence that they did not have a right to maintain this fence in the place that it was, that it was illegally or improperly there, or that the city violated any duty by allowing that fence to remain, and in such a case, unfortunate though the occurrence may have been, innocent parties cannot be made liable for something in which they were not at fault.

Counsel for the plaintiff contends that the trial court's sustaining of the defendants' demurrers denied the plaintiff the right of a trial by jury. The trial court heard all of the evidence, and, under the decisions of this court: ."The question of negligence or no negligence is one of law for the court, where but one inference can reasonably be drawn from the evidence. City of Tulsa v. Harman,

supra. Even though the jury had viewed the scene before the trial court ruled, there was nothing kept from the consideration of the jury, because it had become, at the close of the testimony, the duty of the court as a matter of law to pass upon the question of negligence, which the court did in sustaining the demurrers, and viewing the premises would not permit the jury to rule on this question of law.

The true test of a demurrer is that it admits all the facts tending in the slightest degree to prove all inferences or conclusions which may be reasonably and logically drawn from the evidence, and we hold that the trial court was entirely correct in its ruling in the instant case, for the reason that admitting all facts, or the inferences and conclusions to be logically drawn therefrom, they were insufficient to establish primary negligence of these defendants, so the trial court properly sustained the defendants' demurrers.

Judgment of the trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.